USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__5/5/2026___

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

# MEMO ENDORSED

WHAM-O HOLDING, LTD. AND
INTERSPORT CORP. D/B/A WHAM-O,

      Plaintiffs,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE A
TO THE COMPLAINT,

      Defendants.

Civil Action No. 26-cv-03575

## PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL

WHAM-O HOLDING, LTD. and Intersport Corp. d/b/a WHAM-O ("Plaintiffs" "Slip 'N Slide" or "WHAM-O"), by and through their undersigned counsel, respectfully submit this application to file under seal the following documents associated with the above-referenced Slip 'N Slide action until the hearing on Plaintiffs' Application for an Order to Show Cause Why a Preliminary Injunction Should Not Issue or further order of the Court:

(1) Plaintiffs' Schedule A attached to the Complaint, which identifies and includes a list of Defendants' online marketplace websites (hereinafter the "Defendant Seller Aliases") and the usernames for the Defendant Seller Aliases,

(2) Plaintiffs' unredacted version of the Complaint,

(3) Exhibit 2 showing Defendant Seller Aliases' infringement, and

(4) Exhibit 1 to the Declaration of Shengmao Mu (the "Mu Declaration") showing Plaintiffs' efforts to verify Defendants' addresses.

1

Plaintiffs filed the redacted public-record version of the documents and have provisionally filed the documents electronically under seal, contemporaneously with the filing of this motion.

In this action, Plaintiffs are requesting *ex parte* relief based on claims for trademark counterfeiting and infringement. Sealing this portion of the file is necessary to prevent the Defendants from learning of these proceedings prior to the entry of a temporary restraining order. If Defendants were to learn of these proceedings prematurely the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power and ability to grant relief. Once a temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiffs will move to unseal this document.

The Second Circuit has noted that "notice all too often appears to serve only to render fruitless further prosecution of the action." *In re: Vuitton et Fils S.A.*, 606 F.2d 1, 4-5 (2d Cir. 1979). Affording a defendant time to destroy evidence, hide assets, and effectively make a getaway "is precisely contrary to the normal and intended rule of notice." *In re: Vuitton et Fils S.A.*, 606 F.2d at 5. In enacting the Trademark Counterfeiting Act of 1984, which allows trademark plaintiffs to move for sealed, *ex parte* seizure orders, *see* 15 U.S.C. § 1116(d)(8), Congress established "that many of those who deal in counterfeits make it a practice to destroy or transfer counterfeit merchandise when a day in court is on the horizon." Joint Statement on Trademark Counterfeiting Legislation, Part G, 130 Cong. Rec. at H12076, H12078 (daily ed. Oct. 10, 1984). To that end, Congress concluded that keeping counterfeiters in the dark regarding pending legal action was necessary "to thwart the bad faith efforts of fly by night defendants to evade the jurisdiction of the court." *Id*.

Plaintiffs recognize and acknowledge the importance of public access to court records. However, Plaintiffs' ability to preserve their intellectual property rights increasingly necessitates that the targets of their anti-counterfeiting efforts remain unaware that they are the subject of anti-counterfeiting measures until the latest possible moment in the process. To that end, Plaintiffs seek a temporary seal over this matter until the Court has ruled upon Plaintiffs' *ex parte* motion and, if granted, until Plaintiffs have served the TRO upon Defendants and the Defendant Seller Aliases and the financial institutions used by Defendants to conduct their illegal business (the "Financial Institutions"). Plaintiffs anticipate this will take approximately one month from the date of filing, subject to the Court's schedule. A temporary seal is a narrowly tailored remedy that will effectively and appropriately balance the public's right of access to court records with Plaintiffs' right to protect their valuable intellectual property interests, ensure that Plaintiffs' efforts to assert their trademark rights will not be in vain, and prevent Defendants from abusing the public availability of court records to aid their efforts to remove evidence and assets from the jurisdiction of this Court.

Therefore, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file their unredacted Complaint, Schedule A, Exhibit 2 to Complaint and Exhibit 1 to Mu Declaration. *See, e.g., Wowwee Group Ltd. et al v. Meirly, et al,* No. 1:18-cv-00706 Document # 7 (S.D.N.Y. Feb. 5, 2018) (granting application to seal); *Allstar Marketing v. _GB Housewear Store, et al.* No. 1:17-cv-07596 Document #22 (S.D.N.Y. Oct. 12, 2017) (same); *Spin Master Ltd. and Spin Master, Inc. v. Alan Yuan's Store, et al* No. 1:17-cv-07422 Document #19 (S.D.N.Y. Oct. 13, 2017) (same); *Kipling Apparel Corp. et al v. Rhys, et al* No. 16-cv-990 Document #14 (S.D.N.Y. Feb. 17, 2016) (same).

Dated: April 20, 2026

Respectfully submitted,

*/s/ Shengmao Mu*
Shengmao Mu
NY No. 5707021
**WHITEWOOD LAW PLLC**
57 West 57th Street, 3rd and 4 Floors
New York, NY, 10019
Telephone: (917) 858-8018
Email: smu@whitewoodlaw.com

Counsel for Plaintiffs

Application GRANTED. Plaintiffs may file under seal: (i) an unredacted version of the Complaint, (ii) Schedule A to the Complaint, (iii) Exhibit 2 to the Complaint, and (iv) Exhibit 1 to the Declaration of Shengmao Mu.


SO ORDERED.

5/5/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

4