USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __5/5/2026__

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

WHAM-O HOLDING, LTD. AND
INTERSPORT CORP. D/B/A WHAM-O,

      Plaintiffs,

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS, AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A TO THE COMPLAINT,

      Defendants.

Civil Action No. 26-cv-03575 (VEC)

**ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING ORDER**

The Court has considered Plaintiffs' *ex parte* application (the "Application"), including the Mu

Declaration, as well as all other papers filed in support of the Application, for the following relief:

(1) issuance of a temporary restraining order against defendants (as described in Schedule A

attached to the Complaint ("Defendants"), which shall also be attached hereto), enjoining

Defendants from the manufacture, importation, distribution, offering for sale, and sale of

infringing products (the "Infringing Products") infringing upon U.S. Trademark

Registration Nos. 2,966,361; 0,761,883; 2,924,744; 1,432,069; and 3,438,550

(collectively the "SLIP 'N SLIDE Trademarks").

(2) imposition of a temporary restraint of certain of Defendants' assets, described below, to

preserve Plaintiffs' right to an equitable accounting;

(3) leave to conduct expedited discovery allowing Plaintiffs to inspect and copy Defendants'

records relating to the manufacture, distribution, offering for sale, and sale of Infringing

Products, as well as of Defendants' financial accounts;

1

(4) leave to serve the Defendants by electronic mail and/or electronic publication; and

(5) ordering Defendants to show cause why a preliminary injunction should not issue on the return date of the Application.

Based on the papers and other evidence submitted in support of the Application, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

<u>**FACTUAL FINDINGS & CONCLUSIONS OF LAW**</u>

1.      Plaintiffs are likely to prevail on their trademark infringement claims at trial.

2.      As a result of Defendants' misconduct, Plaintiffs are likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiffs' Application for *ex parte* relief is granted. For example:

a.   Defendants, without any authorization or license from Plaintiffs, have knowingly, willfully, and deliberately infringed Plaintiffs' SLIP 'N SLIDE Trademarks in connection with the systematic advertisement, distribution, offering for sale, and sale of Infringing Products into the United States, including within this judicial district of New York, over the Internet through accounts with online Marketplace platforms held by Defendants (the "<u>User Account(s)</u>").

b.   Plaintiffs have well-founded fears that more Infringing Products will appear in the Marketplace using the same User Accounts or new and different User Accounts; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiffs' reputation and goodwill and, in particular, the reputation and goodwill related to the SLIP 'N SLIDE Trademarks.

c.   Plaintiffs have well-founded fears that if they proceed on notice to Defendants of this Application, Defendants will: (i) transfer, conceal, dispose of, or otherwise

destroy the Infringing Products and information concerning the Infringing Products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the Infringing Products; and/or (iii) close down existing User Accounts, transfer User Account information, and/or open a new User Account through which Defendants can improperly advertise, market, promote, distribute, offer for sale and/or sell the Infringing Products under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence.

3.     On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiffs, their business, and the goodwill and reputation built up in and associated with the SLIP 'N SLIDE Trademarks if a temporary restraining order is not issued.

4.     Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants and does not violate the Hague Service Convention as Defendants' addresses are unknown or unverifiable despite Plaintiffs' due diligence.

5.     If Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds from their sales of Infringing Products. Therefore, good cause exists for granting Plaintiffs' request to proceed *ex parte* and for an asset restraining order. It typically takes banks and other financial institutions (including those defined below as the "Financial Institutions"), as well as online marketplace accounts, approximately five (5) days after service of an Order like this one to locate, attach, and freeze Defendants' Assets (defined below), Defendants' Accounts (defined below), and/or the User Accounts, and service on Defendants should not take place until such actions are completed.

6.      Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, marketing, distributing, offering for sale and/or sale of the Infringing Products. Thus, Plaintiffs have established good cause for expedited discovery to be ordered.

## **ORDER**

Based on the foregoing findings of fact and conclusions of law, Plaintiffs' Application is hereby **GRANTED** and it is **ORDERED** as follows:

### **Temporary Restraints**

1.      As sufficient causes have been shown, Defendants are temporarily enjoined and restrained from engaging in any of the following conduct pending the return date of the Application as referenced below:

    a.      Cease and refrain from manufacturing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any Infringing Products;

    b.      Cease and refrain from manufacturing, advertising, offering to sell, selling, reproducing, or distributing any goods utilizing the SLIP 'N SLIDE Trademarks, or any confusingly similar goods, other than genuine products manufactured or distributed by Plaintiffs or their authorized manufacturers and distributors;

    c.      Cease and refrain from destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any Infringing Products;

d.      Cease and refrain from using the SLIP 'N SLIDE Trademarks on or in connection with any seller account name, store name, username, or other identifier used by a seller on a Marketplace (each a "Seller Alias") that any Defendant may own, operate, or control on any Marketplace;

e.      Cease and refrain from any and all use of the SLIP 'N SLIDE Trademarks as metatags, on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Seller Aliases registered, owned or operated by any Defendant on any Marketplace; and

f.      Cease and refrain from altering, disabling, closing, or transferring ownership of any Seller Alias on any Marketplace during the pendency of this action, or until further Order of the Court.

**<u>Temporary Asset Restraint</u>**

2.      Pursuant to Fed. R. Civ. P. 64 and 65, as well as C.P.L.R. 6201, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, that any Financial Institutions such as (i) WhaleCo Inc. ("Temu"), (ii) PayPal, Inc. ("PayPal"), (iii) Payoneer, Inc ("Payoneer"), (iv) Ping Pong Global Solutions Inc ("Ping Pong"), (v) Coinbase Global, Inc ("Coinbase"), and (vi) Walmart (collectively referred to as the "Financial Institutions") shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets") and shall locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets, until further ordered by this

Court. The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiffs.

**Expedited Discovery**

3.       As sufficient cause has been shown, within five (5) days of receipt of service of this Order, the Financial Institutions shall provide the following information to Plaintiffs' counsel (to the extent such information is in the Financial Institutions' possession, custody, or control):

        a.       Identifying information for Defendants, including all available contact information (which shall include, if available, all known e-mail addresses and mailing addresses), as well as all associated account numbers and account balances, regardless of the platform or institution.

        b.       Any User Accounts and/or online Marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto).

        c.       Information concerning any of Defendants' Accounts or Defendants' Assets including any and all related, connected or otherwise associated accounts or assets, regardless of the hosting platform or institution.

4.       As sufficient cause has been shown, Plaintiffs are authorized to conduct expedited discovery, including that:

        a.       Plaintiffs may serve interrogatories and requests for production of documents, pursuant to Rules 26 and 33, and 34 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern District of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories and produce documents requested within seven (7) days of service to Plaintiffs' counsel.

**Service by Electronic Mail and/or Electronic Publication**

5.      Pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service of this Order and the Summons and Complaint may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

Delivery of: (i) PDF copies of this Order together with the Summons and Complaint; (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiffs' Application (the "Link") to Defendants' e-mail addresses as provided by the Financial Institutions or to the Financial Institutions if the Financial Institutions are unable to provide e-mail addresses.

6.      Such alternative service, as set forth above, shall be made within three (3) days of the Financial Institutions' compliance with Paragraphs 3 and 4 of this Order.

7.      The Clerk of Court is directed to issue a single original summons in the name of "The Individuals, Corporations, Limited Liability Companies, Partnerships, And Unincorporated Associations Identified On Schedule A To The Complaint" that shall apply to all Defendants.

**Security Bond**

8.      Plaintiffs shall deposit with the Court One Thousand, Five Hundred Dollars ($1,500.00), either cash, cashier's check or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

**Sealing Order**

9.      Plaintiffs' Schedule A attached to the Complaint, Plaintiffs' unredacted version of the Complaint, Exhibit 2 showing the Seller Aliases' infringement, and Exhibit 1 to the Declaration of Shengmao Mu showing Plaintiffs' efforts to verify Defendants' addresses, shall be sealed and remain sealed until Defendants' Accounts and Defendants' Assets are restrained.

10.     Plaintiffs shall file unsealed versions of Plaintiffs' Schedule A attached to the Complaint, Plaintiffs' unredacted version of the Complaint, Exhibit 2 showing the Seller Aliases' infringement, and Exhibit 1 to the Mu Declaration showing Plaintiffs' efforts to verify Defendants' addresses using the CM/ECF system prior to the expiration of this Order when Financial Institutions have confirmed that Defendants' funds are frozen and that Plaintiffs properly serve Defendants with the Summons and the Complaint, whichever comes later.

### Application to Vacate or Dissolve

11.     Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiffs or on shorter notice as set by this Court.

**IT IS FURTHER ORDERED** that a hearing shall be held on **Friday, May 15, 2026, at 2:30 P.M.**, in Courtroom **20C** of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, at which Plaintiffs may present their arguments in support of their request for issuance of a preliminary injunction. At such time, any Defendants may also be heard as to opposition to Plaintiffs' Application.

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed and served on or before **Thursday, May 14, 2026, at 12:00 P.M.**

This Temporary Restraining Order without notice is entered at **2:30 P.M. on Tuesday, May 5, 2026**, and shall remain in effect for fourteen (14) days.

Date: May 5, 2026

_____
VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE