**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

WHAM-O HOLDING, LTD. AND
INTERSPORT CORP. D/B/A WHAM-O,

        Plaintiffs,

v.

DAOTONG, et al.,

        Defendants.

Civil Action No. 26-cv-3575

**[PROPOSED] PRELIMINARY INJUNCTION ORDER**

The Court has considered Plaintiffs' Motion To Show Cause As To Why A Preliminary Injunction Should Not Issue (the "Motion to Show Cause") and oral arguments made in the hearing. Based on the papers and other evidence submitted in support of the Motion to Show Cause, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

**FACTUAL FINDINGS & CONCLUSIONS OF LAW**

1. Plaintiffs are likely to prevail on its trademark infringement claims at trial.

2. As a result of Defendants' misconduct, Plaintiffs are likely to suffer immediate and irreparable losses, damages, and injuries:

    a. Defendants, without any authorization or license from Plaintiffs, have knowingly, willfully, and deliberately infringed Plaintiffs' SLIP 'N SLIDE trademarks including U.S. Trademark Registration Nos. 2,966,361; 0,761,883; 2,924,744; 1,432,069; and 3,438,550 (collectively the "SLIP 'N SLIDE Marks") in connection with the systematic advertisement, distribution, offering for sale, and sale of Infringing Products into the United States, including within this judicial district of New York, over the Internet through accounts with online marketplace

platforms including PayPal, Shop Pay, Amazon, Walmart, and Temu held by Defendants (the "User Account(s)").

b. Plaintiffs have well-founded fears that more Infringing Products will appear in the marketplace using the same User Accounts or new and different User Accounts; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiffs' reputation and goodwill and, in particular, the reputation and goodwill related to Plaintiffs' SLIP 'N SLIDE Marks.

3. On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a preliminary injunction order is issued is far outweighed by the potential harm to Plaintiffs, their business, and the goodwill and reputation built up in and associated with Plaintiffs' SLIP 'N SLIDE Marks if a preliminary injunction order is not issued.

4. Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants and does not violate the Hague Service Convention as Defendants' addresses are unknown or unverifiable despite Plaintiffs' due diligence.

## **ORDER**

The injunctive previously granted in the TRO shall remain in place through the pendency of this action, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and 15 U.S.C. § 1116(a). Based on the foregoing findings of fact and conclusions of law, Plaintiffs' Motion to Show Cause is hereby **GRANTED** and it is **ORDERED** as follows:

1. As sufficient causes have been shown, Defendants are hereby enjoined and restrained from engaging in any of the following conduct pending the final hearing and determination of this action or until further order of the Court:

a.  Cease and refrain from manufacturing, advertising, offering for sale, selling, distributing, destroying, selling off, transferring, or otherwise disposing of any Infringing Products;

b.  Cease and refrain from manufacturing, advertising, offering to sell, selling, reproducing, or distributing any goods utilizing the Plaintiffs' SLIP 'N SLIDE Marks, or any confusingly similar goods, other than genuine products manufactured or distributed by Plaintiffs or their authorized manufacturers and distributors;

c.  Cease and refrain from destroying, selling off, transferring, or otherwise disposing of any documents, electronically stored information, or financial records or assets of any kind relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any Infringing Products;

d.  Cease and refrain from using the Plaintiffs' SLIP 'N SLIDE Marks on or in connection with any seller alias that any Defendant may own, operate, or control on any Marketplace;

e.  Cease and refrain from any and all use of the Plaintiffs' SLIP 'N SLIDE Marks as metatags, on any webpage (including the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, or any other form of use of such terms that are visible to a computer user or serves to direct computer searches to Seller Aliases registered, owned or operated by any Defendant on any Marketplace; and;

f.  Cease and refrain from altering, disabling, closing, or transferring ownership of any seller alias on any Marketplace.

3

**Asset Restraint**

2.      As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

 a.      within five (5) days of receipt of service of this Order, that any Financial Institutions such as (i) Amazon.com, Inc. ("Amazon"), (ii) PayPal, Inc. ("PayPal"), (iii) Payoneer, Inc ("Payoneer"), (iv) Ping Pong Global Solutions Inc ("Ping Pong"), (v) Coinbase Global, Inc ("Coinbase"), (vi) Walmart, Inc. ("Walmart"), and (vii) WhaleCo, Inc. ("Temu") (collectively referred to as the "Financial Institutions") shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets") and shall locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets, until further ordered by this Court. The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiffs.

**Expedited Discovery**

3.      As sufficient cause has been shown, the expedited discovery order previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

 a.      within five (5) days of receipt of service of this Order, the Financial Institutions shall provide the following information to Plaintiffs' counsel (to the extent such information is in the Financial Institutions' possession, custody, or control): Identifying information for Defendants, including all available contact information (which shall include, if available, all known e-

4

mail addresses and mailing addresses), as well as all associated account numbers and account balances, regardless of the platform or institution; Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Complaint (and attached hereto); Information concerning any of Defendants' Accounts or Defendants' Assets including any and all related, connected or otherwise associated accounts or assets, regardless of the hosting platform or institution.

4.    As sufficient cause has been shown, Plaintiffs are authorized to conduct expedited discovery, including that:

   a.    Plaintiffs may serve interrogatories and requests for production of documents, pursuant to Rules 26 and 33, and 34 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern District of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories and produce documents requested within seven (7) days of service to Plaintiffs' counsel.

**<u>Service by Electronic Mail and/or Electronic Publication</u>**

5.    Pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service of this Order and the Summons and Complaint may be made on, and shall be deemed effective as to Defendants and Third Parties if it is completed by the following means:

   a.    Delivery of: (i) PDF copies of this Order together with the Summons and Complaint; (ii) a link to a website where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed by Plaintiffs (the "<u>Link</u>") to Defendants' e-mail addresses as provided by the Financial Institutions or to the Financial

Institutions if the Financial Institutions are unable to provide e-mail addresses.

### Security Bond

6.      The $1,500.00 bond posted by Plaintiffs shall remain with the Court until a final disposition of this case or until this Order is terminated

### Application to Vacate or Dissolve

7.      Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiffs or on shorter notice as set by this Court.

_____
HON. VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE

**Schedule A**

| Doe No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 1 | Daotong | Amazon | AA2PS389HY7U8 |
| 2 | GCSM-US | Amazon | A1TX5C8ZIMRO0B |
| 3 | hipal | Amazon | A3JVGYYSECXI86 |
| 4 | Jiahr | Amazon | A3SHX165DIKJU1 |
| 5 | MATERIALS | Amazon | A3MR3890K3PXYZ |
| 6 | QIXIN DIRECT | Amazon | AAW6S1B0XOXM0 |
| 7 | Shanghai Taisi Electronics Co., Ltd. | Amazon | A1L62OMTFPJLLM |
| 8 | Shenchu | Amazon | AXLSTS3D95GEV |
| 9 | xirui store | Amazon | A32U1G0C40L212 |
| 10 | YUNZZ | Amazon | A32XUWUA536IK2 |
| 11 | AdventureHQ | Walmart | 101118431 |
| 12 | AOIROE | Walmart | 101569474 |
| 13 | changshashiqiangwu | Walmart | 102515771 |
| 14 | ChenHao1689 | Walmart | 102787643 |
| 15 | cuili pu | Walmart | 102862079 |
| 16 | dinglejianzhugongchengjixie | Walmart | 102514282 |
| 17 | dongguandongchengwanruomian | Walmart | 102493815 |
| 18 | Eying Trading | Walmart | 101695709 |
| 19 | Growsly | Walmart | 101087884 |
| 20 | GuangZhouHengXinShangMaoYouXianGongSi | Walmart | 101631096 |
| 21 | guangzhouyuwei | Walmart | 101625789 |
| 22 | huanatuo19930119 | Walmart | 102487155 |
| 23 | huozhuangdianzishangwu's | Walmart | 102793528 |
| 24 | jiaojiaoyu | Walmart | 102485440 |
| 25 | JIE ZI | Walmart | 102880560 |
| 26 | l1xkyf8foz7k0as | Walmart | 102488991 |
| 27 | lixingxinxin1 | Walmart | 101626068 |
| 28 | Love Phone Phone | Walmart | 102518602 |
| 29 | LUODU | Walmart | 101677799 |
| 30 | MingVogue | Walmart | 102792586 |
| 31 | Miracle Trading Company | Walmart | 101662048 |
| 32 | qu9998851844177 | Walmart | 102492413 |
| 33 | Rodolfo Saria | Walmart | 102853488 |
| 34 | RTIOEWT | Walmart | 102480708 |
| 35 | shenglindawujinzhipin | Walmart | 102492580 |

| Doe No. | Seller Alias | Platform | Seller ID |
|---|---|---|---|
| 36 | Tumis | Walmart | 101617310 |
| 37 | wnagjiling | Walmart | 102875085 |
| 38 | xiaokeshangmao's Store | Walmart | 102793478 |
| 39 | xiayitiaoshangmao's Store | Walmart | 102792241 |
| 40 | Xigkun jiaju | Walmart | 101218795 |
| 41 | xuxinyu | Walmart | 102916571 |
| 42 | yangxiaoqiang | Walmart | 101632686 |
| 43 | yeyongStudio | Walmart | 102775400 |
| 44 | YLT Trading | Walmart | 102702938 |
| 45 | ZhengYaoYao | Walmart | 101664844 |
| 46 | zhongming1974827 | Walmart | 102485468 |
| 47 | zhongyuandianzishangwu's Store | Walmart | 102793672 |
| 48 | zhuangliuxin | Walmart | 102803302 |
| 49 | AsdasqqasPP | Temu | 634418222239249 |
| 50 | Celie good | Temu | 634418224475907 |
| 51 | Hodvenza | Temu | 634418223626692 |
| 52 | HOME YFXQ | Temu | 634418223570102 |
| 53 | Household TK | Temu | 634418222782227 |
| 54 | Lxfgthaaa | Temu | 634418224661375 |
| 55 | PWZ Art painting | Temu | 634418223809274 |
| 56 | Sunny Shoppp | Temu | 634418224364448 |
| 57 | Sveoplolace | Temu | 634418222799470 |
| 58 | tmlHB | Temu | 634418223759379 |
| 59 | Wang Zhenmei | Temu | 634418221152605 |
| 60 | xVstesewryep | Temu | 634418222798723 |
| 61 | yihuiquanxi | Temu | 634418220923158 |